**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4915**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NATHANIEL LAUTHA HARRIS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-03-216)

———————

Submitted: May 19, 2004            Decided: June 1, 2004

———————

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Nathaniel Lautha Harris pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). The district court sentenced Harris to eighty-six months imprisonment followed by three years of supervised release. Harris appeals his conviction and sentence. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. In his pro se supplemental brief, Harris raises one issue. Finding no error, we affirm.

Counsel challenges the eighty-six month sentence imposed by the district court. Our review reflects that the guideline range was correctly calculated. Furthermore, because the sentence is within the properly calculated guideline range and the statutory maximum penalty for the offense, we have no authority to review the district court's imposition of this specific sentence. United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

In his supplemental pro se brief, Harris challenges the district court's subject matter jurisdiction. Specifically, Harris claims that the North Carolina Felony Firearms Act, N.C. Gen. Stat. § 14-415.1(a) (Supp. 1998), allows a convicted felon to possess a firearm within his home. However, because the statute does not confer an unrestricted right to possess firearms, and because

Harris' civil rights had not been restored at the time of his offense (and, apparently, still have not been restored), Harris is prohibited, under federal law, from firearms ownership. <u>Caron v. United States</u>, 524 U.S. 308, 314 (1998).

As required by <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we deny counsel's motion to withdraw and affirm Harris' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>